UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD MEMMINGER,

    Plaintiff,

v

CORBETT EDGE O'MEARA,

    Defendant.
_____/

Case No. 11-14551

Hon. Lawrence P. Zatkoff

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On January 23, 2012, the Court entered an Order dismissing Plaintiff's case for lack of federal jurisdiction [dkt 10]. On February 6, 2012, Plaintiff submitted a letter to the Court via the Electronic Court Filing system. Plaintiff's letter disputes the Court's finding that federal jurisdiction in this case was not established, contending that the amount in controversy exceeds $75,000 in this case. As such the Court will construe Plaintiff's letter as a Motion for Reconsideration. E.D. Mich. L.R. 7.1(h)(2). Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiffs' motion for reconsideration is not permitted. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's motion such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's motion is DENIED.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which

the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." Id. A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." Chrysler Realty Co., LLC v. Design Forum Architects, Inc., 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

Plaintiffs' motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, Plaintiffs' motion presents issues that the Court has already ruled upon. See E.D. Mich. L.R. 7.1(h)(3). Further, the motion indicates only Plaintiffs' disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. See, e.g., Simmons v. Caruso, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); Cowan v. Stovall, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

Notwithstanding Plaintiff's failure to adequately support his motion, the Court will nevertheless briefly address Plaintiff's argument. Although Plaintiff claims that the amount in controversy exceeds $75,000, he fails to address the fact that the parties are both residents of Michigan—thereby destroying diversity. As to Plaintiff's reliance on 42 U.S.C. § 1983, the Court finds that Defendant is not a state actor under 42 U.S.C. § 1983 because Plaintiff hired Defendant to represent Plaintiff in the criminal matter. As such, federal jurisdiction is lacking and Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Date: March 1, 2012

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDG